IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELLIS LEVI LEATON,

    Plaintiff,

v.

                                              Case No. 11-CV-986  JEC/WPL

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on *Defendant the Prudential Insurance Company of America's Motion to Dismiss*, filed November 11, 2011 (Doc. 7).  Having reviewed the pleadings and the governing authority, and being otherwise fully informed, the Court finds that Defendant's Motion to Dismiss will be granted in part and denied in part.

    **I.**    **Background**

This case arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*.  Plaintiff was employed by Intrepid Potash, LLC, as an underground mine operator and participated in a disability insurance plan ("Plan"), issued and administered by Defendant.  *See* Complaint at 1.  Plaintiff alleges that he received  short-term disability ("STD") benefits "because of his medical conditions of diabetes (hypoglycemia) and claustrophobia."  *Id*.  He further states that on or about November 22, 2010, he accepted a termination package from his employer, which included severance pay and "continuing [STD] benefits leading into long-term disability ("LTD") benefits."  *Id*. at 2.  Plaintiff also alleges that

Defendant subsequently terminated Plaintiff's STD benefits because he did not meet the "conditions of disability." *Id.* On October 11, 2011, Plaintiff filed suit in the Fifth Judicial Court, County of Eddy, State of New Mexico, alleging discriminatory denial of his disability benefits in violation of the New Mexico Human Rights Act ("NMHRA"), NMSA 1978 §§ 28-1-1 *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 *et seq.*, and appealing Defendant's denial of benefits through the administrative process governed by the ERISA. *Id.* at 1-3. On November 4, 2011, Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1331 and 1332. *See* Notice of Removal (Doc. 1).

Defendant seeks dismissal of Plaintiff's Complaint in its entirety under Rule 12(b)(6) of the Federal Rules of Civil Procedure because it is not a covered entity under either the ADA or the NMHRA and Plaintiff is not otherwise qualified to perform his job as defined by the respective statutes. Mot. to Dismiss at 5-14. Defendant further contends that should the Court construe Plaintiff's Complaint to include a claim for benefits under ERISA, such claim should also be dismissed because Plaintiff failed to request relief available under ERISA. *Id* at 15-16. On December 15, 2011, Defendant filed a Notice of Completion of Briefing. *See* Doc. 13. On December 27, 2011, Plaintiff filed an untimely response to Defendant's Motion to Dismiss. *See* Mot. for Summary Judgment (Doc. 14) at 1. Although Plaintiff captioned his response as a Motion for Summary Judgment, he is clearly challenging Defendant's request for dismissal and the Court will construe Plaintiff's Motion as a Response to Defendant's Motion to Dismiss*. See Trujillo v. Bd. of Educ. of Albuquerque Pub. Schs.*, 2007 WL 80698 (10th Cir. 2007) (unpublished) (the district court is not bound by a pro se litigant's characterization of available relief and, thus, could construe motion to alter or amend order as a motion for reconsideration prior to final judgment in § 1983 action).

## II. Legal Standards

### A. Law Regarding Motions to Dismiss

Under Rule 12(b)(6), a claim may be dismissed either because it asserts a legal theory that is not cognizable as a matter of law or because the factual matter fails to state a plausible claim for relief. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965; 1974 (2007). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007)); *see also* Fed.R.Civ.P. 8 (a)(2); *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) ("[t]he nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true.").

A *pro se* plaintiff is not relieved of the burden of alleging sufficient facts upon which to base a recognized legal claim because facts surrounding an alleged injury may be recounted without specialized legal training. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, "[i]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with the pleading requirements." *Id*.

### B. Law Regarding the ADA and the NMHRA

The ADA and the NMHRA prohibit covered entities from discriminating against qualified individuals with disabilities, because of their disabilities, with regard to the terms, conditions and privileges of their employment. *See* 42 U.S.C. §§ 12112 *et seq*; NMSA 1978 §§ 28-1-1 *et seq*. The ADA defines a covered entity as "an employer, employment agency, labor

organization, or joint labor-management committee." 42 U.S.C. § 12111(2). The NMHRA prohibits "employers, any person acting for an employer, employment agencies, labor organizations, and joint apprenticeship committees" from discriminating on the basis of "a physical or mental handicap or serious medical condition." NMSA 1978 § 28-1-7; *Duprey v. Twelfth Judicial Dist. Ct.*, 2009 WL 2482170, *11 (D.N.M. 2009) (unpublished) (noting that in order to be subject to liability under the NMHRA, party must be the plaintiff's employer or an individual acting for the employer.). Courts have dismissed disability discrimination claims against third-party administrators of benefit funds because they do not constitute covered entities under either state or federal law. *Muller v. First UNUM Life Ins. Co.*, 23 F. Supp. 2d 231, 235 (N.D.N.Y. 1988).

      **C.**      **Law Regarding ERISA Preemption and Recharacterization of Claims**

ERISA governs the rights and obligations of participants and beneficiaries of employee benefit plans. "Congress enacted ERISA [to both] 'protect ... the interests of the participant benefit plans and their beneficiaries' by setting out substantive regulatory requirements for employee benefit plans and 'provid[e] for appropriate remedies, sanctions and ready access to Federal Courts.'" *Aetna Health Inc. v. Davila*, 124 S.Ct. 2488, 2495 (quoting 29 U.S.C. § 1001(b)). Under § 502(a)(1), ERISA's civil enforcement provision, any plan participant or beneficiary may file a civil cause of action to "recover benefits due to him under the terms of the plan, to enforce his rights under the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

Federal courts have recognized two forms of ERISA preemption: complete preemption, which transforms a state law claim into a federal claim, providing a basis for removal, and conflict preemption, which does not provide a basis for removal but provides a defense to a state

law claim.  *Felix v. Lucent Tech., Inc.*, 387 F.3d 1146, 1157 (10th Cir. 2004).  Complete preemption occurs when a state law cause of action duplicates a claim for health plan benefits.  *See Davila*, 124 S.Ct. at 2495 ("any state law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with clear congressional intent to make the ERISA remedy exclusive and is therefore preempted.").  The preemptive force of ERISA's civil enforcement provisions under § 502(a) is such that it displaces all state actions "brought by beneficiaries or participants asserting improper processing of claims under ERISA-regulated plans [which shall] be treated as federal questions governed by § 502(a)." *Pilot Life Ins. Co. v. Dedeaux*, 107 S.Ct. 1549, 1557 (1987), *abrogated in part on other grounds by Ky. Ass'n of Health Plans, Inc. v. Miller*, 123 S.Ct. 1471 (2003).  Thus, state tort suits alleging improper processing of claims for benefits under ERISA-covered plans fall within the scope of § 502(a) and are deemed federal questions.  *Id.*  *See also Davila*, 124 S.Ct. at 2497-99 (a state law cause of action need not duplicate an ERISA provision to be preempted, rather; a state law cause of action is preempted if it arises from a duty created by ERISA or the terms of the relevant health benefit plan).

ERISA's civil enforcement provision carries the "'extraordinary preemptive power' sufficient to 'convert an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Lafayette v. Cobb,* 385 F. Supp. 2d 1152, 1159 (D.N.M. 2004) (quoting *Metro. Life Ins. Co. v. Taylor*, 107 S.Ct. 1542, 1547 (1987).  Thus, upon removal, state law claims convert to ERISA claims if they fall within the scope of ERISA's civil enforcement provisions.  *Carland v. Metropolitan Life Ins. Co.*, 935 F.2d 1114, 1119 (10th Cir. 1991); *see also Davis v. John Alden Life Ins. Co.*, 746 F. Supp. 44, 49 (D. Kan. 1990) (internal quotations and citations omitted) (upon removal, the appropriate action is not automatic

dismissal of the state claims but a determination of whether a court can recharacterize the plaintiff's allegations as descriptive of claims which could be brought under ERISA).

>  D. **Extra-Contractual Damages under ERISA**

ERISA does not allow recovery of extra-contractual damages for the denial of benefits under an ERISA plan. *See* 29 U.S.C. § 1132(a)(1)(B); *Massachusetts Mut. Life Ins. Co. v. Russell*, 105 S.Ct. 3085, 3093 (1985) ("[T]he relevant text of ERISA, the structure of the entire statute, and its legislative history all support the conclusion that in § 409(a) Congress did not provide, and did not intend the judiciary to imply, a cause of action for extra-contractual damages caused by improper or untimely processing of benefits claims."); *Zimmerman v. Sloss Equip., Inc.,* 72 F.3d 822, 828 (10th Cir. 1995) ("punitive and compensatory damages, including damages for emotional distress, are not available in an ERISA action). "Nowhere does [ERISA] allow consequential or punitive damages. Damages are limited to the recovery of 'benefits due ... under the terms of the plan.'" *Conover v. Aetna US Healthcare, Inc*., 320 F.3d 1076, 1080 (10th Cir. 2003) (quoting 29 U.S.C. § 1132(a)(1)(B)). "In other words, the only relief to which [a] plaintiff is entitled under U.S.C. § 1132(a)(1)(B)], should she prevail, are damages in the amount of the benefits improperly denied." *Lafayette v. Cobb,* 385 F. Supp. 2d 1152, 1160 (D.N.M. 2004).

**III.   Analysis**

As a preliminary matter, the Court notes that, pursuant to Local Rule 7.1(b), Plaintiff's failure to timely respond to Defendant's Motion to Dismiss constitutes his consent to the Court's granting of Defendant's Motion. See D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."); D.N.M.LR-Civ. 7.4(a) ("A response must be served and filed

within fourteen (14) calendar days after service of the motion."). When dealing with a *pro se* plaintiff, the Tenth Circuit has stated its preference for resolution of the substance of a motion to dismiss despite the *pro se* plaintiff's failure to respond. *Persik v. ManPower, Inc*., 85 Fed. Appx. 127, 130 (10th Cir. 2003) (unpublished ). Given the judicial system's strong preference for resolving cases on their merits, the Court considers Defendant's Motion to Dismiss on its merits.

        A.       **The Court will Dismiss the ADA and NMHRA Claims**

Defendant seeks dismissal of Plaintiff's disability discrimination claims because it was not Plaintiff's employer, or an agent of Plaintiff's employer, and because Plaintiff is not otherwise qualified to perform his job as defined by the ADA and NMHRA. Mot. to Dismiss at 5-14. Plaintiff identifies Intrepid Potash, Inc. as is his employer and Defendant as the administrator of his disability benefits. Compl. at ¶¶ 2; 6.

In order to state a legally cognizable claim for disability discrimination, the defendant must name a "covered entity" as a defendant, defined by the ADA as "an employer, employment agency, labor organization, or joint labor-management committee" and defined by the NMHRA as "an employer, any person acting for an employer, employment agencies, labor organizations, and joint apprenticeship committees." 42 U.S.C. § 12111(2) and (4); NMSA 1978 § 28-1-7. As noted, *supra* at 6-7, courts have dismissed disability discrimination claims against third-party administrators of benefit funds because they do not constitute covered entities under either state or federal law. *Muller v. First UNUM Life Ins. Co.*, 23 F. Supp. 2d 231, 235 (N.D.N.Y. 1988).[1]

---

[1] *See also Peters v. Wayne State Univ.*, 691 F.2d 235, 238 (6th Cir. 1982), *cert. granted, judgment vacated and remanded on different grounds*, 103 S.Ct. 3566 (1983) (third-party administrator is not an agent of employer solely because it administers employee benefits for that employer); *Marshall v. Whirlpool Corporation*, 2010 WL 348344, *4 (N.D. Okla. 2010) (unpublished) (the court dismissed an ADA claim against a third party administrator because it was "simply the administrator of the disability policy and as such not a 'covered entity' under

In *Muller*, the court dismissed the plaintiff's disability discrimination claims against plan administrators, brought under the ADA and state anti-discrimination statute, because they were "not [the] plaintiff's employers within the meaning of the statutes; rather, they [were] entities which provide insurance [to plaintiff's employer]." 23 F. Supp. 2d 231, 235 (N.D.N.Y. 1988).

Plaintiff does not allege that Defendant was his employer or that Defendant acted as an agent of his employer. Indeed, Plaintiff acknowledges that Defendant is the administrator of his benefits. Accordingly, Plaintiff has failed to plead facts from which it can be inferred that Defendant is a covered entity under either the ADA or the NMHRA. Because the Complaint fails to state a plausible claim for disability discrimination under either the ADA or the NMHRA, the Court will dismiss Counts I and II of the Complaint.[2]

### B. The Court Will Recharacterize Plaintiff's Allegations as a Claim for Benefits Under ERISA but Dismiss Requests for Extra-Contractual Relief

Although Plaintiff's claims are based on disability discrimination, Plaintiff also challenges Defendant's decision to terminate his STD benefits and deny his request for LTD benefits. Compl. at 1-3. Specifically, Plaintiff states that he is "appeal[ing] the determination of non-coverage of benefits by the Defendant after exhausting appeals and reconsideration of benefits through the proper channels and appeal process necessary and ordered by the

---

the ADA); *Jensen v. AT & T Corp.*, 2007 WL 2199714, *2 (E.D. Mo. 2007); *Van Hulle v. Pacific Telesis Corp.*, 124 F.Supp.2d 642, 643, n. 4 (N.D. Cal. 2000). *But see United States v. New York State Dep't of Motor Vehicles*, 82 F. Supp. 2d 42, 46 (E.D.N.Y. 2000) ("[a] defendant that does not have a direct employment relationship with a plaintiff may nonetheless be liable ... under the ADA if it interferes with the plaintiff's employment opportunities with a third party and the defendant controls access to those opportunities.").

[2]Because the Court has determined that Defendant is not a covered entity as defined by the ADA and the NMHRA, it need not address Defendant's assertion that Plaintiff is not otherwise qualified to perform his job within the meaning of the respective statutes.

contractual language in the benefits policy." *Id*. at 1, ¶ 4.  Plaintiff further alleges that he has received no benefits despite "numerous attempts to provide information including medical and psychological to the Defendant."  *Id.* at 2, ¶ 10.

State causes of action that allege improper processing of claims for benefits under ERISA-covered plans fall within the scope of § 502(a) and are completely preempted.  *Id*.  Upon removal, such claims convert to ERISA claims.  *Carland v. Metropolitan Life Ins. Co.*, 935 F.2d 1114, 1119 (10th Cir. 1991).  Because Plaintiff has alleged that his disability benefits were improperly terminated and denied, the Court construes his allegations as a claim for benefits under ERISA, "subject to complete preemption, and convert[s] them to a § 502(a)(1)(B) claim." *Lafayette v. Cobb, supra,* 385 F.Supp.2d at 1160.  *See also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (where court can reasonably read a *pro-se* plaintiff's pleadings to state a viable claim for relief, it should do so despite the plaintiff's confusion of various legal theories).

Defendant asserts that even if Plaintiff has a claim for benefits under ERISA, dismissal is nonetheless proper because the only relief Plaintiff seeks, in the form of punitive and compensatory damages, is unavailable under ERISA.  Mot. to Dismiss at 15.  Defendant is correct in noting that damages under § 502(a)(1)(B) are statutorily limited to the recovery of benefits owed; enforcement of rights under the plan; and a declaratory judgment as to rights to future benefits under the terms of the plan.  29 U.S.C. § 1132(a)(1)(B); *see also Zimmerman v. Sloss Equip., Inc.,* 72 F.3d 822, 828 (10th Cir. 1995) (punitive and compensatory damages are not available under ERISA).  However, Plaintiff also identified, as an element of damages, "other employee benefits that he would have received but for the Defendant's breach of the parties (sic) agreement."  Compl. at 2-3, ¶¶ 20; 28.  The Court construes this as a request for damages in the amount of the benefits denied to Plaintiff, including his right to future benefits

9

under the terms of the plan.  *See Hall v. Bellmon*, 935 F.2d at 1110 (courts should not dismiss claims where they can reasonably read a *pro-se* plaintiff's pleadings to state a viable claim for relief).   Accordingly, the Court finds that Plaintiff has requested appropriate relief under ERISA.

Even if Plaintiff had failed to request appropriate relief, the Court would not dismiss the claim because Defendant cannot "have his cake and eat it too." *Lafayette v. Cobb, supra*, 385 F.Supp.2d at 1160.  In *Lafayette*, the plaintiff's claim for breach of contract was converted to a § 502(a)(1)(B) ERISA claim under the doctrine of complete preemption.  *Id*. at 1159.  The defendant then moved to dismiss the complaint, arguing that the claim was subject to dismissal due to conflict  preemption.  *Id*.  The Court denied the motion, stating that "[i]t would be anomalous indeed to permit a defendant to remove a case to federal court because the state law cause of action has been converted into a federal claim and then have it dismissed because the area of law into which the plaintiff's claims fall have been preempted by federal law." *Id*. at 1159-1160.  It would likewise be anomalous to permit removal based on conversion of a state law claim into a claim for benefits under ERISA and then dismiss the claim because the plaintiff failed to request proper relief under ERISA.  *See also Jass v. Prudential Health Care Plan, Inc*., 88 F.3d 1482, 1491 (7th Cir. 1996) (where court recharacterized complaint as one alleging a denial of benefits under ERISA, plaintiff should be given the opportunity to amend her complaint to request appropriate relief under § 502(a)).

The Court finds that Plaintiff has requested appropriate relief under ERISA.  However, any request for relief that supplements, supplants or conflicts with the statutorily granted remedies under 502(a)(1)(B), including compensatory and punitive damages, is preempted by ERISA.  29 U.S.C. § 1144(a).  Accordingly, the Court will deny Defendant's Motion to Dismiss

Plaintiff's § 502(a)(1)(B) claim but will grant dismissal of the request for extra-contractual damages based on the denial of benefits.[3]

WHEREFORE,

I.  **IT IS ORDERED** that *Defendant the Prudential Insurance Company of America's Motion to Dismiss*, filed November 11, 2011 (Doc. 7) is **GRANTED** as to Counts I and II of the Complaint and as to extra-contractual damages related to the 502(a)(1)(B) claim for benefits under ERISA and **DENIED** as to the 502(a)(1)(B) claim.

Dated June 18, 2012

_____
SENIOR UNITED STATES DISTRICT JUDGE

*Pro Se* Plaintiff:

Ellis Levi Leaton
Carlsbad, NM

Attorneys for Defendant:

Robert P. Warburton
Stelzner, Winter, Warburton, Flores, Sanchez & Dawes, P.A.
Albuquerque, NM

Patrick C. DiCarlo
Alston & Bird, LLP
Atlanta, GA

---

[3] Defendant also requests dismissal of Plaintiff's request for attorneys' fees and interest because Plaintiff is unrepresented. The availability of these damages is not properly before the Court at this time.

11